UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RIVA DEL LAGO CONDOMINIUM
ASSOCIATION, INC.,

        Plaintiff,

    v.                                                                Case No. 2:24-cv-1056-KCD-KRH

STEADFAST INSURANCE
COMPANY,

        Defendant,

_____/

## **ORDER**

Defendant Steadfast Insurance Company has moved for summary judgment. (Doc. 67.) It argues, among other things, that Plaintiff "is not entitled to Replacement Cost and ordinance or law coverage for property damage which . . . has not [been] repaired or replaced." (*Id.* at 3.) Instead, since Plaintiff has "not completed repairs," the "potential recovery is limited to only the Actual Cash Value of the lost of damaged property." (*Id.*)

What damages are allowed (or not allowed) under the parties' insurance policy is a question of Florida law. "When interpreting state law, a federal court is bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." *Great Lakes Ins. SE v. Concourse Plaza*, No. 22-13141, 2024 WL 1617825, at *2 (11th Cir. Apr. 15, 2024). And

"[i]f the state's appellate courts disagree on a principle of state law, we look to the decisions of the [state] appellate court that would have had jurisdiction over an appeal in this case had it been filed in state court." *Id.*

State courts appear split as to the consequence of contractual language that limits an insurer's liability for replacement cost coverage until the damaged items have been repaired when there is an alleged breach of the policy, as here. *Compare Brito v. Citizens Property Insurance Corp.*, 415 So. 3d 252 (Fla. 2d DCA 2025), *with Universal Property & Casualty Insurance Co. v. Qureshi*, 396 So. 3d 564 (Fla. 4th DCA 2024). And since Steadfast's summary judgment motion, the Sixth District Court of Appeal (which covers the geographic area of this Court) has weighed in on the issue. *See Universal Prop. & Cas. Ins. Co. v. Rodriguez*, 427 So. 3d 676 (Fla. Dist. Ct. App. 2026). According to the Sixth DCA, "[i]n an action precipitated by a denial of coverage that allegedly breached the insurance contract, the fact that the insurance contract makes such replacement cost payments contingent on the costs having already been incurred does not foreclose adjudication of what those replacement costs would be had the insurer complied with the policy." *Id.* at 680.

On or before May 28, 2026, the parties are directed to file supplemental briefing that addresses the applicability of *Rodriguez* to the policy and facts here.

2

**ORDERED** in Fort Myers, Florida on May 12, 2026.

Kyle C. Dudek
United States District Judge